HARRY E. BALM, PROSECUTOR, v. THE CITY OF CAPE MAY ET AL., RESPONDENTS.

Decided February 5, 1925.

**Commission Government—Elections—Constitutionality of Act Sustained as Not in Conflict With Classification Provisions —Election Found to Have Been Held Within Statutory Time—Previous Memorandum Filed.**

On *certiorari*.

For the prosecutor, *Louis H. Miller*.

For the respondents, *Louis T. Stevens*.

The opinion of the court was delivered by

CAMPBELL, J. In the memorandum heretofore filed by me in this matter I treated of but one ground of attack upon the proceedings and referred to it as "the single reason * * * urged by the prosecutor." That reason referred to the right of withdrawal of certain petitioners, of their names from the petitions after filing with the city clerk. Such statement in my memorandum was ill-advised. The reason treated of by me was argued orally, but other reasons were urged and argued in prosecutor's brief. Such further reasons were as follows:

1. The election was called for a date within four weeks after actual filing of the petition. The petitions were placed in the hands of the city clerk on December 2d, 1924. He did not actually mark them filed until December 4th, and then his endorsement of filing was as of December 2d.

He gave the notice of election on December 8th, 1924, fixing the date of such election as Tuesday, December 30th, 1924. The act in question provides "the said clerk shall forthwith call an election to be held on the fourth Tuesday following the time of filing the petition," &c.

Prosecutor contends that election could not have been held until January 7th, 1925. This is, no doubt, an error, and he intends to fix as such date Tuesday, January 6th, 1925. Such fourth Tuesday, however, would be December 30th, 1924, whether calculated from December 2d, 4th or 8th.

2. That the act in question is unconstitutional because—

(a) It includes in its operation all municipalities in the state of whatsoever population, nature or location, except municipalities that may have adopted the Walsh act, but have not operated under such act for a period of four years, and such attempted classification is wholly arbitrary and is special legislation, and in contravention of subsection 11, section 7 of article 4 of the state constitution.

(b) Because the act provides that various other statutes shall be deemed a part of the act in contravention of subsection 4, section 7, article 4 of the state constitution.

My consideration of these reasons lead me to the conclusion that the act in question is not in violation of the constitution in the directions urged.

3. The petitions are void for deception and fraud.

I found this reason wholly unestablished.

For these reasons, as well as that set forth in my original memorandum, the writ of *certiorari* was dismissed.